UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JORGE SANCHEZ,                                            CASE NO.:

    Plaintiff,

v.

PENSKE TRUCK LEASING CO.,
LIMITED PARTNERSHIP,
a Foreign Limited Partnership,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JORGE SANCHEZ ("Mr. Sanchez" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), seeking recovery from PENSKE TRUCK LEASING CO., LIMITED PARTNERSHIP ("Penske" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Marion County, Florida.

3. Defendant is a foreign limited partnership that is located and does business in Marion County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Marion County, Florida, and therefore the proper venue for this case is the Ocala Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) his mother suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250

hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant, most recently as a Technician I, at its Ocala, Florida location from November 10, 1997, until his termination on March 3, 2020.

8. During the months prior to his termination, Mr. Sanchez's mother began suffering very severely from symptoms of her serious health condition, dementia.

9. In early and mid-February of 2021, Mr. Sanchez disclosed on multiple occasions to one of his Supervisors at Penske, Lee Evans, that his mother's serious health condition had degraded seriously.

10. Mr. Sanchez further disclosed to Mr. Evans that his mother's primary care physician had ordered various tests for her.

11. Mr. Sanchez explained to Mr. Evans at that time that, while he had theretofore usually been able to take his mother to medical appointments on his day off, which was Monday, the number and variety of tests that his mother now needed would require him to miss the odd day of work.

12. In response to Mr. Sanchez's disclosures, Penske failed to inform Mr. Sanchez of his rights and obligations under the FMLA, and failed to provide Mr. Sanchez FMLA paperwork.

13. Penske's failure to do so constituted unlawful interference in violation of the FMLA.

14. On February 22, 2020, Mr. Sanchez told Mr. Evans that his mother had suffered another flare-up of her dementia, and that he would need to be out of work for five (5) days so that he could help his mother treat and address her serious health condition.

15. In response, Penske again failed to advise Mr. Sanchez of his rights and obligations under the FMLA, or to provide Mr. Sanchez FMLA paperwork.

16. Penske's failure to do so constituted unlawful interference in violation of the FMLA.

17. Instead, Mr. Evans responded, "I don't give a fuck. Go ahead and take the time off."

18. Very shortly thereafter, on March 3, 2020, Penske informed Mr. Sanchez that it had terminated his employment, effective immediately.

19. Penske cited an alleged "positive" on a drug test administered to Mr. Sanchez on February 21, 2020, in support of its extreme adverse employment action against Mr. Sanchez.

20. However, Mr. Sanchez had had the same drug test performed on himself at the exact same accredited testing facility on February 28, 2020, and the results

were negative, as he had informed Penske on March 3, 2020, before being informed of his termination.

21. Penske did not send Mr. Sanchez for another drug test in light of the conflict between the first two tests.

22. Penske routinely provides assistance and paths to re-entry to employees who test positive on drug tests, as Mr. Sanchez was alleged to have done, but failed to do so in Mr. Sanchez's case, despite his decades of loyal service to Penske and its customers.

23. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Sanchez notifying Penske of his mother's serious health condition, and in retaliation for Mr. Sanchez attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

24. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

25. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

26. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

27. The timing of Plaintiff's attempted use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone

demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

28. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his attempted utilization of what should have been protected FMLA leave.

29. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

30. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

31. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

33. At all times relevant hereto, Plaintiff was protected by the FMLA.

34. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

35. At all times relevant hereto, Defendant interfered with Plaintiff by repeatedly failing to provide him FMLA paperwork or to advise him of his rights and responsibilities under the FMLA in response to his disclosures regarding his mother's serious health condition, and by refusing to allow Plaintiff to exercise his FMLA rights freely.

36. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

37. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

39. At all times relevant hereto, Plaintiff was protected by the FMLA.

40. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

41. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for attempting to apply for FMLA leave and for attempting to utilize what should have been FMLA-protected leave.

42. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise his rights to take approved leave pursuant to the FMLA.

43. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

44. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 26th day of March, 2021.

                              Respectfully Submitted,

                              **/s/ Noah E. Storch**
                              Noah E. Storch, Esq.
                              Florida Bar No. 0085476
                              RICHARD CELLER LEGAL, P.A.
                              10368 W. SR. 84, Suite 103
                              Davie, Florida 33324
                              Telephone: (866) 344-9243
                              Facsimile:  (954) 337-2771
                              E-mail: **noah@floridaovertimelawyer.com**

                              *Attorneys for Plaintiff*